UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | : | |
| | : | Chapter 11 |
| LEHMAN BROTHERS U.K. HOLDINGS (DELAWARE) INC. and LEHMAN PASS-THROUGH SECURITIES INC., | : | Case No. 17-12442 (SCC) |
| | : | (Jointly Administered) |
| Debtors.[1] | : | |

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER APPROVING DISCLOSURE STATEMENT AND CONFIRMING JOINT CHAPTER 11 PLAN OF LEHMAN BROTHERS U.K. HOLDINGS (DELAWARE) INC. AND LEHMAN PASS-THROUGH SECURITIES INC. AND GRANTING RELATED RELIEF**

WHEREAS, on August 31, 2017 (the "**Petition Date**"), Lehman Brothers U.K. Holdings (Delaware) Inc. ("**LUK**") and Lehman Pass-Through Securities Inc. ("**LPTSI**"), as debtors and debtors in possession (collectively, the "**Debtors**"), commenced the above-captioned cases under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"); and

WHEREAS, on the Petition Date, the Debtors filed the *Declaration of Christopher Mosher Pursuant to Local Rule 1007-2 in Support of Voluntary Chapter 11 Petitions and First-Day Motions and Applications* (ECF No. 6) (the "**First-Day Declaration**"); and

WHEREAS, on January 12, 2018, the Debtors filed the *Joint Chapter 11 Plan of Lehman Brothers U.K. Holdings (Delaware) Inc. and Lehman Pass-Through Securities Inc.* (ECF No. 43), a copy of which is attached to this Order as Exhibit A (the "**Plan**");[2] the

[1] The Debtors in the Chapter 11 Cases, together with the last four digits of each Debtor's federal tax identification number, are Lehman Brothers U.K. Holdings (Delaware) Inc. (5453) and Lehman Pass-Through Securities Inc. (6210). The Debtors' mailing address is 277 Park Avenue, 46th Floor, New York, New York 10172.

[2] Capitalized terms used but not defined herein have the meanings ascribed to such terms in the Plan.

*Disclosure Statement for Joint Chapter 11 Plan of Lehman Brothers U.K. Holdings (Delaware) Inc. and Lehman Pass-Through Securities Inc.* (ECF No. 44), a copy of which is attached to this Order as Exhibit B (the "**Disclosure Statement**"); the *Notice of Filing of Supplement to Joint Chapter 11 Plan of Lehman Brothers U.K. Holdings (Delaware) Inc. and Lehman Pass-Through Securities Inc.* (ECF No. 45) (together with all amendments thereto, the "**Plan Supplement**"); and the *Declaration of Christopher Mosher in Support of Approval of Disclosure Statement, Confirmation of Joint Chapter 11 Plan of Lehman Brothers U.K. Holdings (Delaware) Inc. and Lehman Pass-Through Securities Inc., and Related Relief* (ECF No. 46) (the "**Combined Declaration**"); and

WHEREAS the Court has been informed that each party whose vote to accept or reject the Plan was solicited has consented to the approval of the Disclosure Statement, proposed solicitation and voting procedures, and forms of ballots; and

WHEREAS, on January 15, 2018, the Court entered the *Order Conditionally Approving Disclosure Statement, Approving Form and Manner of Notice of Combined Hearing and Solicitation Packages and Procedures, and Scheduling a Combined Hearing on the Approval of the Disclosure Statement and Confirmation of the Plan* (ECF No. 48) (the "**Solicitation Order**"), which, among other things, (i) conditionally approved the Disclosure Statement for solicitation purposes only; (ii) approved the Solicitation Packages (as defined in the Solicitation Order) and the form and manner of notice of the Combined Hearing; and (iii) established the following schedule in connection with solicitation of votes on and confirmation of the Plan:

| | |
|---|---|
| **Voting Deadline:** | January 23, 2018 at 4:00 p.m. (Eastern Time) |
| **Publication Deadline:** | January 23, 2018 at 4:00 p.m. (Eastern Time) |
| **Deadline to Object to Final Approval of the Disclosure Statement and/or Confirmation of the Plan:** | February 12, 2018 at 4:00 p.m. (Eastern Time) |
| **Deadline to File Tabulation Affidavit:** | February 26, 2018 at 4:00 p.m. (Eastern Time) |
| **Deadline to Reply to Plan Objection(s):** | March 2, 2018 at 4:00 p.m. (Eastern Time) |
| **Combined Hearing to Consider Final Approval of Disclosure Statement and Confirmation of Plan:** | March 7, 2018 at 10:00 a.m. (Eastern Time) |

; and

WHEREAS, on January 16, 2018, the Debtors, through their solicitation and balloting agent Epiq Bankruptcy Solutions, LLC (the "**Solicitation Agent**"), duly caused the transmittal of Solicitation Packages to holders of Claims and Interests as described in the *Affidavit of Solicitation Mailing* of Jane Sullivan (ECF No. 52) (the "**Solicitation Affidavit**") in accordance with the Solicitation Order; and

WHEREAS, on January 19 and 23, 2018, the Debtors, through the Solicitation Agent, caused to be published in the national edition of the *Wall Street Journal* and the international edition of the *Financial Times*, respectively, notice of the Combined Hearing as set forth in the *Affidavit* of Jeb Smith and the *Affidavit of Publication* of Hania Owsinski (ECF No. 63) (collectively, the "**Publication Affidavits**"); and

WHEREAS due and proper notice of the Combined Hearing was given to holders of Claims and Interests and all other parties in interest in the Chapter 11 Cases, in compliance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and the Local Bankruptcy Rules for the Southern District of New York (the "**Local**

**Rules**”) as established by the affidavits of service, mailing, and publication filed with the Court, including the Solicitation Affidavit and the Publication Affidavits (collectively, the “**Combined Hearing Notice Affidavits**”), and such notice being sufficient under the circumstances and no further notice being required; and

WHEREAS, on February 26, 2018, the Debtors, through the Solicitation Agent, filed the *Declaration of Jane Sullivan on Behalf of Epiq Bankruptcy Solutions, LLC Regarding Voting and Tabulation of Ballots Accepting and Rejecting the Joint Chapter 11 Plan of Lehman Brothers U.K. Holdings (Delaware) Inc. and Lehman Pass-Through Securities Inc.* (ECF No. 62) (the “**Tabulation Affidavit**”; together with the First-Day Declaration, the Combined Declaration, and the Combined Hearing Notice Affidavits, the “**Supporting Declarations**”); and

WHEREAS no party filed an objection to approval of the Disclosure Statement or confirmation of the Plan; and

WHEREAS, on March 2, 2018, the Debtors filed the *Amendment to Supplement to Joint Chapter 11 Plan of Lehman Brothers U.K. Holdings (Delaware) Inc. and Lehman Pass-Through Securities Inc.* (ECF No. 66); and

WHEREAS, on March 2, 2018, the Debtors filed the *Memorandum of Law in Support of Approval of Disclosure Statement and Confirmation of Joint Chapter 11 Plan of Lehman Brothers U.K. Holdings (Delaware) Inc. and Lehman Pass-Through Securities Inc.* (ECF No. 67); and

WHEREAS, on March 7, 2018 at 10:00 a.m., the Court held the Combined Hearing; and

WHEREAS the Court has fully considered the entire record of the Combined Hearing, including the Disclosure Statement, the Plan, the Plan Supplement, the Combined

Declaration, the Solicitation Affidavit, the Tabulation Affidavit, and the Combined Hearing Notice Affidavits; and

WHEREAS the Court is familiar with and has taken judicial notice of the entire record of the Chapter 11 Cases; and

WHEREAS the Court has heard the arguments of counsel and considered the evidence proffered and adduced at the Combined Hearing; and

after due deliberation and sufficient cause appearing therefor, the Court hereby **FINDS, DETERMINES, AND CONCLUDES** as follows:

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

A. Findings and Conclusions. The findings and conclusions set forth herein and on the record of the Combined Hearing constitute the Court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Bankruptcy Rules 7052 and 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B. Jurisdiction, Venue, Core Proceeding (28 U.S.C. §§ 157(b)(2), 1334(a)). The Court has jurisdiction over the Chapter 11 Cases pursuant to 28 U.S.C. §§ 157 and 1334. Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b), and this Court has jurisdiction to enter a Final Order with respect thereto. The Debtors are eligible to be debtors under section 109 of the Bankruptcy Code and commenced the Chapter 11 Cases in good faith and not for any improper purpose. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

C. Chapter 11 Petitions. On the Petition Date, the Debtors commenced in this Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors are authorized

to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed pursuant to section 1104 of the Bankruptcy Code. No statutory committee of unsecured creditors has been appointed pursuant to section 1102 of the Bankruptcy Code. Further, in accordance with the *Order Pursuant to Fed. R. Bankr. P. 1015(b) Directing Joint Administration of Chapter 11 Cases* (ECF No. 16), the Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

D. Judicial Notice. The Court takes judicial notice of the docket of the Chapter 11 Cases maintained by the Clerk of the Court, including all pleadings and other documents filed, all orders entered, and all evidence and arguments made, proffered, or adduced at the hearings held before the Court during the pendency of the Chapter 11 Cases.

E. Disclosure Statement. The Disclosure Statement provides adequate information within the meaning of section 1125 of the Bankruptcy Code.

F. Burden of Proof. Each of the Debtors has proven by a preponderance of the evidence that each of the elements of sections 1129(a) of the Bankruptcy Code applicable to the Plan has been satisfied.

G. Solicitation. As described in and as evidenced by the Solicitation Affidavit, the Tabulation Affidavit, and the Combined Hearing Notice Affidavits, the transmittal and service of the Solicitation Packages and the service and publication of notice of the Combined Hearing (all of the foregoing, collectively, the "**Solicitation**") were conducted in good faith; complied with the Bankruptcy Code, Bankruptcy Rules (including Bankruptcy Rules 3017 and 3018), the Local Rules, and the Solicitation Order; and were appropriate, satisfactory,

timely, adequate, and sufficient under the circumstances. The Released Parties and Exculpated Parties are entitled to the protection of section 1125(e) of the Bankruptcy Code.

H. Voting. As evidenced by the Solicitation Affidavit and the Tabulation Affidavit, votes to accept or reject the Plan have been solicited and tabulated fairly, in good faith, and in a manner consistent with the Solicitation Order, the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

I. Notice. As evidenced by the Solicitation Affidavit, the Tabulation Affidavit, and the Combined Hearing Notice Affidavits, notice of the transmittal and service of the Solicitation Packages was sufficient under the circumstances. All parties required to be given notice of the Combined Hearing (including the deadline for filing and serving objections to approval of the Disclosure Statement and confirmation of the Plan) have been given due, proper, timely, and adequate notice in accordance with the Solicitation Order and in compliance with the Bankruptcy Code, the Bankruptcy Rules, and such parties have had an opportunity to appear and be heard with respect thereto. No other or further notice is required.

J. Plan Compliance with the Bankruptcy Code (11 U.S.C. § 1129(a)(1)). The Plan complies with the applicable provisions of the Bankruptcy Code and, as required by Bankruptcy Rule 3016, the Plan is dated and identifies the Debtors as proponents, thereby satisfying section 1129(a)(1) of the Bankruptcy Code.

(1) Proper Classification (11 U.S.C. §§ 1122, 1123(a)(1)). In addition to Administrative Expense Claims, Fee Claims, and Priority Tax Claims, which need not be classified, Articles III and IV of the Plan classify six Classes of Claims and Interests. The Claims and Interests in each Class are substantially similar to the other Claims or Interests, as applicable, in such Class. Valid business, factual, and legal reasons exist for

separately classifying the various Claims and Interests under the Plan, and such classifications do not unfairly discriminate among Claims or Interests. The Plan therefore satisfies the requirements of sections 1122 and 1123(a)(1) of the Bankruptcy Code.

(2) Specified Unimpaired Classes (11 U.S.C. § 1123(a)(2)). Articles III and IV of the Plan specify that Claims in Class 1 (Other Priority Claims), Class 2 (Other Secured Claims), and Class 4 (General Unsecured Claims) are Unimpaired, thereby satisfying the requirements of section 1123(a)(2) of the Bankruptcy Code.

(3) Specified Treatment of Impaired Classes (11 U.S.C. § 1123(a)(3)). Articles III and IV of the Plan specify that Claims in Class 3 (Brookfield Claims) and Interests in Class 5 (Existing Brookfield Interests) and Class 6 (Existing Lehman Interests) are Impaired and specify the treatment of the Claims and Interests in those Classes, thereby satisfying the requirements of section 1123(a)(3) of the Bankruptcy Code.

(4) Equal Treatment (11 U.S.C. § 1123(a)(4)). Article IV of the Plan provides for the same treatment by the Debtors for each Claim or Interest in each respective Class unless the holder of a particular Claim or Interest has agreed to less favorable treatment of such Claim or Interest, thereby satisfying the requirements of section 1123(a)(4) of the Bankruptcy Code.

(5) Implementation of the Plan (11 U.S.C. § 1123(a)(5)). The Plan provides adequate and proper means for the implementation of the Plan, thereby satisfying the requirements of section 1123(a)(5) of the Bankruptcy Code, including, without limitation: (i) the continued corporate existence of the Reorganized Debtors

pursuant to the Organizational Documents; (ii) all corporate action as set forth more fully in Article V of the Plan; (iii) the cancellation of existing securities and certain agreements; (iv) subject to Section 5.5 of the Plan, the cancellation of certain existing security interests; (v) the composition of the board of directors and list of officers of each Reorganized Debtor; (vi) the authorization, issuance, and delivery of the New Class A Shares and New Class B Shares; (vii) the granting of the releases set forth in Section 10.7 of the Plan; and (viii) the taking of all necessary or appropriate actions by the Debtors or Reorganized Debtors, as applicable, and the holders of Allowed Brookfield Claims, Allowed Existing Brookfield Interests, and Allowed Existing Lehman Interests as set forth in Section 5.9 of the Plan.

(6) Non-Voting Equity Securities / Allocation of Voting Power (11 U.S.C. § 1123(a)(6)). The Organizational Documents prohibit the issuance of non-voting equity securities, thereby satisfying the requirements of section 1123(a)(6) of the Bankruptcy Code. The issuance of the New Class A Shares complies with section 1123(a)(6) of the Bankruptcy Code.

(7) Designation of Directors and Officers (11 U.S.C. § 1123(a)(7)). The Plan Supplement and Section 5.6 of the Plan provide for the manner of selection of directors and officers of the Reorganized Debtors such as is consistent with the interests of creditors, equity security holders, and public policy, thereby satisfying the requirements of section 1123(a)(7) of the Bankruptcy Code. The Debtors have identified the directors and officers of each Reorganized Debtor.

(8) Impairment/Unimpairment of Classes of Claims and Interests (11 U.S.C. § 1123(b)(1)). Pursuant to Articles III and IV of the Plan, in accordance with

section 1123(b)(1) of the Bankruptcy Code, (a) Claims in Class 1 (Other Priority Claims), Class 2 (Other Secured Claims), and Class 4 (General Unsecured Claims) are Unimpaired and (b) Claims in Class 3 (Brookfield Claims) and Interests in Class 5 (Existing Brookfield Interests) and Class 6 (Existing Lehman Interests) are Impaired.

(9) Assumption and Rejection (11 U.S.C. § 1123(b)(2)). Article VIII of the Plan addresses the assumption and rejection of executory contracts and unexpired leases and meets the requirements of section 365(b) of the Bankruptcy Code. In accordance with Section 8.2 of the Plan, the Debtors have filed and served the Plan Supplement on parties to executory contracts and unexpired leases to be assumed reflecting the Debtors' intention to assume the contract or lease in connection with the Plan and setting forth the proposed Cure Amount (if any). If a counterparty to any executory contract or unexpired lease that the Debtors or Reorganized Debtors, as applicable, intend to assume has not received such a notice, such executory contract or unexpired lease is assumed and the Cure Amount for such executory contract or unexpired lease is zero dollars ($0.00). Any objection by a counterparty to a proposed assumption of an executory contract or unexpired lease or amount of any Cure must be filed, served and actually received by the Debtors on or before the date that is 30 days after the Confirmation Date.

(10) Retention of Causes of Action and Reservation of Rights (11 U.S.C. § 1123(b)(3)). Except as otherwise provided in the Plan, nothing contained in the Plan or in this Order shall be deemed to be a waiver or relinquishment of any rights, claims, Causes of Action, rights of setoff or recoupment, or other legal or equitable defenses that the Debtors had immediately prior to the Effective Date on behalf of the

Estates or of themselves in accordance with any provision of the Bankruptcy Code or any applicable nonbankruptcy law. Except as otherwise provided in the Plan, the Reorganized Debtors shall have, retain, reserve, and be entitled to assert all such claims, Causes of Action, rights of setoff or recoupment, and other legal or equitable defenses as fully as if the Chapter 11 Cases had not been commenced, and all of the Debtors' legal and equitable rights in respect of any Unimpaired Claim may be asserted upon and after the entry of this Order and Effective Date to the same extent as if the Chapter 11 Cases had not been commenced.

(11) Unaffected Rights of Holders of Classes of Claims (11 U.S.C. § 1123(b)(5)). The Plan leaves unaffected the rights of holders of Claims and Interests in Class 1 (Other Priority Claims), Class 2 (Other Secured Claims), and Class 4 (General Unsecured Claims). Thus, the Plan complies with section 1123(b)(5) of the Bankruptcy Code.

(12) Additional Plan Provisions (11 U.S.C. § 1123(b)(6)). The provisions of the Plan are appropriate and consistent with the applicable provisions of the Bankruptcy Code, thereby satisfying the requirements of section 1123(b)(6) of the Bankruptcy Code.

(13) Cure Amounts (11 U.S.C. § 1123(d)). Section 8.2 of the Plan provides for the satisfaction of Cure Amounts associated with each executory contract and unexpired lease to be assumed pursuant to the Plan in accordance with section 365(b)(1) of the Bankruptcy Code. All Cure Amounts will be determined in accordance with the underlying agreements and applicable nonbankruptcy law. Thus, the Plan complies with section 1123(d) of the Bankruptcy Code.

K. The Debtors' Compliance with the Bankruptcy Code (11 U.S.C. § 1129(a)(2)). The Debtors have complied with the applicable provisions of the Bankruptcy Code. Specifically:

(1) Each of the Debtors is an eligible debtor under section 109 of the Bankruptcy Code and a proper plan proponent under section 1121(a) of the Bankruptcy Code; and

(2) The Debtors have complied with applicable provisions of the Bankruptcy Code, except as otherwise provided or permitted by orders of the Court, and in transmitting the Solicitation Packages and related documents and notices and in conducting the Solicitation, the Debtors have complied with the Solicitation Order, the applicable provisions of the Bankruptcy Code (including sections 1125 and 1126 thereof), the Bankruptcy Rules, the Local Rules, and all other applicable law.

L. Plan Proposed in Good Faith (11 U.S.C. § 1129(a)(3)). The Debtors have proposed the Plan (including all documents necessary to effectuate the Plan) in good faith and not by any means forbidden by law, thereby satisfying the requirements of section 1129(a)(3) of the Bankruptcy Code. The Debtors' good faith is evident from the facts and record of the Chapter 11 Cases, the Disclosure Statement, the record of the Combined Hearing, the Supporting Declarations, and all of the other proceedings held in the Chapter 11 Cases. The Plan was proposed with the legitimate and honest purpose of maximizing the value of the Estates and to effectuate a successful reorganization of the Debtors. The Plan and all documents necessary to effectuate the Plan were negotiated at arms' length among representatives of the Debtors, the Brookfield Parties, LBHI, and their respective professionals. Each of the Brookfield Parties and LBHI support confirmation of the Plan. Further, the Plan's classification, indemnification,

exculpation, release, and injunction provisions have been negotiated in good faith and at arms' length, are consistent with sections 105, 524, 1122, 1123(b)(3)(A), 1123(b)(6), 1129, 1141, and 1142 of the Bankruptcy Code, and are each necessary for the Debtors' successful reorganization and the implementation of the Plan.

M. Payment for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4)). Any payment made or to be made by the Debtors for services or for costs and expenses of the Debtors' professionals in connection with the Chapter 11 Cases, or in connection with the Plan and incident to the Chapter 11 Cases, has been approved by or is subject to the approval of the Court as reasonable (unless otherwise ordered by the Bankruptcy Court), thereby satisfying the requirements of section 1129(a)(4) of the Bankruptcy Code.

N. Directors, Officers, and Insiders (11 U.S.C. § 1129(a)(5)). The Debtors have complied with section 1129(a)(5) of the Bankruptcy Code. The identities and affiliations of the Persons proposed to serve as the initial directors and officers of the Reorganized Debtors upon the Effective Date have been fully disclosed. Such Persons' appointment to or continuation in such offices is consistent with the interests of holders of Claims and Interests and with public policy. The composition of the board of directors and list of officers of each Reorganized Debtor has been disclosed. Each such Person will serve in accordance with the terms and subject to the conditions of the Organizational Documents, each as applicable.

O. No Rate Changes (11 U.S.C. § 1129(a)(6)). The Plan does not provide for rate changes by any of the Reorganized Debtors. Thus, section 1129(a)(6) of the Bankruptcy Code does not apply to the Plan.

P. Best Interest of Creditors (11 U.S.C. § 1129(a)(7)). The Plan satisfies the requirements of section 1129(a)(7) of the Bankruptcy Code because, in accordance with section

1129(a)(7)(A)(i) of the Bankruptcy Code, each holder of an Impaired Claim or Interest has voted to accept the Plan.

Q. Acceptance by Each Class of Claims or Interests (11 U.S.C. § 1129(a)(8)). Class 1 (Other Priority Claims), Class 2 (Other Secured Claims), and Class 4 (General Unsecured Claims) are Classes of Unimpaired Claims that are conclusively presumed to have accepted the Plan in accordance with section 1126(f) of the Bankruptcy Code. Class 3 (Brookfield Claims), Class 5 (Existing Brookfield Interests), and Class 6 (Existing Lehman Interests) have voted to accept the Plan in accordance with sections 1126(c) and (d) of the Bankruptcy Code, as applicable.

R. Treatment of Administrative Expense Claims, Fee Claims, Priority Tax Claims, and Priority Non-Tax Claims (11 U.S.C. § 1129(a)(9)). The treatment of Allowed Administrative Expense Claims and Allowed Fee Claims pursuant to Sections 2.1 and 2.2 of the Plan, respectively, satisfies the requirements of section 1129(a)(9)(A) of the Bankruptcy Code. The treatment of Other Priority Claims pursuant to Section 4.1 of the Plan satisfies the requirements of section 1129(a)(9)(B) of the Bankruptcy Code. The treatment of Priority Tax Claims pursuant to Section 2.3 of the Plan satisfies the requirements of section 1129(a)(9)(C) of the Bankruptcy Code.

S. Acceptance by Impaired Classes of Claims (11 U.S.C. § 1129(a)(10)). Each holder of a Claim in Class 3 (Brookfield Claims) and each holder of an Interest in Class 5 (Existing Brookfield Interests) or Class 6 (Existing Lehman Interests) has voted to accept the Plan. No holder of a Claim in Class 3 (Brookfield Claims) or an Interest in Class 5 (Existing Brookfield Interests) or Class 6 (Existing Lehman Interests) is a non-insider. All other Allowed

Claims in the Chapter 11 Cases are Unimpaired. Under these circumstances, the requirements of section 1129(a)(10) of the Bankruptcy Code are deemed satisfied.

T. Feasibility (11 U.S.C. § 1129(a)(11)). The information in the Disclosure Statement, the Supporting Declarations, and the evidence proffered or adduced at the Combined Hearing (i) is persuasive and credible, (ii) has not been controverted by other evidence, and (iii) establishes that the Plan is feasible and that confirmation of the Plan is not likely to be followed by the liquidation or the need for further financial reorganization of the Reorganized Debtors because the Plan imposes no new debt obligations on the Reorganized Debtors, thereby satisfying the requirements of section 1129(a)(11) of the Bankruptcy Code.

U. Payment of Fees (11 U.S.C. § 1129(a)(12)). All fees currently payable under 28 U.S.C. § 1930, as determined by the Bankruptcy Code, have been or will be paid on or before the Effective Date pursuant to Section 2.1 of the Plan, thereby satisfying the requirements of section 1129(a)(12) of the Bankruptcy Code.

V. Continuation of Retiree Benefits (11 U.S.C. § 1129(a)(13)). The Debtors have no retirees and no obligations to provide retiree benefits. Accordingly, section 1129(a)(13) does not apply to the Plan.

W. No Domestic Support Obligations (11 U.S.C. § 1129(a)(14)). The Debtors are not required by a judicial or administrative order, or by statute, to pay a domestic support obligation. Accordingly, section 1129(a)(14) of the Bankruptcy Code does not apply to the Plan.

X. Debtors Are Not Individuals (11 U.S.C. § 1129(a)(15)). The Debtors are not individuals, and accordingly, section 1129(a)(15) of the Bankruptcy Code does not apply to the Plan.

Y. No Applicable Nonbankruptcy Law Regarding Transfers (11 U.S.C. § 1129(a)(16)). The Debtors are each a moneyed, business, or commercial corporation. Accordingly, section 1129(a)(16) does not apply to the Plan.

Z. Only One Plan (11 U.S.C. § 1129(c)). The Plan is the only plan filed in each of the Chapter 11 Cases, and accordingly, section 1129(c) of the Bankruptcy Code has been satisfied.

AA. Principal Purpose of the Plan (11 U.S.C. § 1129(d)). The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act. The Plan, therefore, satisfies the requirements of section 1129(d) of the Bankruptcy Code.

BB. Good Faith Solicitation (11 U.S.C. § 1125(e)). Based on the record before the Court in the Chapter 11 Cases, including evidence presented at the Combined Hearing, the Debtors (i) have acted in "good faith" within the meaning of section 1125(e) of the Bankruptcy Code in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable nonbankruptcy law, rule, or regulation governing the adequacy of disclosure in connection with all their respective activities relating to the solicitation of acceptances to the Plan and their participation in the activities described in section 1125 of the Bankruptcy Code and (ii) shall be deemed to have participated in good faith and in compliance with the applicable provisions of the Bankruptcy Code in the offer and issuance of any securities under the Plan, and therefore are not, and on account of such offer, issuance, and solicitation will not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or the offer and issuance of the securities under the Plan, and are entitled to the protections afforded by section 1125(e) of the Bankruptcy

Code and, to the extent such parties constitute Exculpated Parties under Section 1.1 of the Plan, the exculpation provisions set forth in Section 10.8 of the Plan.

CC. Satisfaction of Confirmation Requirements. Based upon all of the foregoing, the Plan satisfies the requirements for confirmation set forth in section 1129 of the Bankruptcy Code.

DD. Implementation. The Plan (including the Plan Supplement) and all other relevant and necessary documents have been negotiated in good faith and at arm's length and shall upon entry of this Order be valid, binding, and enforceable agreements that are not in conflict with any federal or state law.

EE. Injunction, Releases, and Exculpation. The Court has jurisdiction under 28 U.S.C. §§ 1334(a)–(b) and authority under section 105 of the Bankruptcy Code to approve the injunction, release, and exculpation provisions set forth in Sections 10.5–10.10 of the Plan. As has been established here based upon the record in the Chapter 11 Cases and the evidence presented at the Combined Hearing, the Court finds that the injunction, release, and exculpation provisions set forth in Sections 10.5–10.10 of the Plan are integral to the Plan. Such provisions (i) are the product of extensive good faith, arms' length negotiations; (ii) were a material inducement for each of the Debtors, the Brookfield Parties, and LBHI to support the Plan; (iii) are necessary and integral components of the global settlement embodied in the Plan; and (iv) are supported by the Debtors, LBHI, Brookfield LUK Buyer, and Brookfield LPTSI Buyer, the three of which are the parties entitled to vote to accept or reject the Plan. Failure to give effect to these provisions would materially impair the Debtors' ability to confirm the Plan. Nothing in the injunction, release, or exculpation provisions in Sections 10.5–10.10 of the Plan operates as a third-party discharge in contravention of section 524(e) of the Bankruptcy Code.

FF. Settlement. Except as otherwise provided in the Plan and this Order, the Plan represents a settlement between and among the Debtors and the holders of all Claims and Interests and litigation against the Debtors, pending or threatened, or that was or could have been commenced against the Debtors prior to the date of entry of this Order (other than the Reorganized Debtors' ability to prosecute objections to Claims and other retained Causes of Action to the extent preserved under the Plan, including, without limitation, pursuant to Section 10.11 of the Plan).

GG. Good Faith. The Debtors, the Released Parties, and the Exculpated Parties will be acting in good faith if they proceed to (i) consummate the Plan and the agreements, settlements, transactions, and transfers set forth therein or authorized thereunder or (ii) take the actions authorized or directed by this Order.

HH. Retention of Jurisdiction. The Court may properly, and upon the Effective Date shall, retain exclusive jurisdiction over all matters arising out of, and related to, the Chapter 11 Cases, including the matters set forth in Section 11.1 of the Plan and section 1142 of the Bankruptcy Code.

## ORDER

**ACCORDINGLY, IT IS HEREBY ORDERED, ADJUDGED, DECREED, AND DETERMINED THAT:**

1. Findings of Fact and Conclusions of Law. The above-referenced findings of fact and conclusions of law are hereby incorporated by reference as though fully set forth herein and shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 and made applicable herein by Bankruptcy Rule 9014. All findings of fact and conclusions of law announced by the Court at the Combined Hearing in relation to confirmation of the Plan

are hereby incorporated into this Order. To the extent that any finding of fact shall be determined to be a conclusion of law, it shall be deemed so, and vice versa.

2. Approval of the Disclosure Statement. The Disclosure Statement provides adequate information under the facts and circumstances of the Chapter 11 Cases and is approved.

3. Notice of the Combined Hearing. Notice of the Combined Hearing complied with the terms of the Solicitation Order, was appropriate and satisfactory based upon the circumstances of the Chapter 11 Cases, and was in compliance with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

4. Solicitation. The Solicitation complied with the Solicitation Order, was appropriate and satisfactory based upon the circumstances of the Chapter 11 Cases, and was in compliance with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

5. Confirmation of the Plan. The Plan and each of its provisions are **CONFIRMED** under section 1129 of the Bankruptcy Code. The documents contained in the Plan Supplement are authorized and approved. The terms of the Plan, including the Plan Supplement, are incorporated by reference into and are an integral part of this Order.

6. No Objection. No objection was filed or otherwise raised with respect to confirmation of the Plan or approval of the Disclosure Statement.

7. No Action. Pursuant to the appropriate provisions of the Delaware General Corporation Law, other applicable nonbankruptcy law, and section 1142(b) of the Bankruptcy Code, no action of the respective directors or Interest holders of the Debtors shall be required to authorize the Debtors to enter into, execute, deliver, file, adopt, amend, restate, consummate, or effectuate, as the case may be, the Plan and any contract, instrument, or other

document to be executed, delivered, adopted or amended in connection with the implementation of the Plan.

8. Binding Effect. On or after entry of this Order and subject to the occurrence of the Effective Date, the provisions of the Plan shall bind the Debtors, the Reorganized Debtors, all holders of Claims and Interests (irrespective of whether such Claims or Interests are Impaired under the Plan or whether the holders of such Claims or Interests accepted or are conclusively presumed to have accepted the Plan), any and all non-Debtor parties to executory contracts and unexpired leases with any of the Debtors, any other party in interest in the Chapter 11 Cases, and the respective heirs, executors, administrators, successors, and assigns, if any, of any of the foregoing.

9. Free and Clear. Except as otherwise provided in the Plan or in this Order, from and after the Effective Date, the Reorganized Debtors shall be vested with all property of the Estates, free and clear of all Claims, Interests, liens, encumbrances, charges, and other interests and rights of creditors and equity security holders of the Debtors. From and after the Effective Date, the Reorganized Debtors may operate their businesses and use, acquire, or dispose of assets free of any restrictions imposed by the Bankruptcy Code, the Court, or the U.S. Trustee (except for quarterly operating reports and fees associated therewith until the closing of the applicable Chapter 11 Case(s)).

10. Implementation of the Plan. The Debtors and the Reorganized Debtors shall be authorized to execute, deliver, file, or record such documents, contracts, instruments, resolutions, releases, and other agreements and take such other actions as may be necessary to effectuate, implement, and further evidence the terms and conditions of the Plan, including the Restructuring Transactions described in Section 5.9 of the Plan and all such other actions

delineated in the Plan (including, without limitation, in Articles V and X of the Plan). On the Effective Date, the appropriate officers or representatives of the Reorganized Debtors and members of the boards of directors of the same are authorized and empowered to issue, execute, file, and deliver or record such documents, contracts, instruments, releases, and other agreements, including those contained in the Plan Supplement, contemplated by the Plan, in the name of and on behalf of the Reorganized Debtors.

11. Compliance with Section 1123(a)(6) of the Bankruptcy Code. The Organizational Documents and the terms governing the issuance of the New Class A Shares and New Class B Shares comply in all respects with section 1123(a)(6) of the Bankruptcy Code and are hereby approved. The adoption and filing of the Organizational Documents, to the extent necessary or appropriate to implement the Plan, are hereby authorized, ratified, and approved. The Debtors have complied in all respects, to the extent necessary, with section 1123(a)(6) of the Bankruptcy Code.

12. Exemption from Securities Law. The issuance of and the distribution under the Plan of the New Class A Shares to holders of Brookfield Claims and Existing Brookfield Interests and the New Class B Shares to holders of Existing Lehman Interests each shall be exempt from registration under the Securities Act and any other applicable securities laws pursuant to section 1145 of the Bankruptcy Code. These securities may be resold without registration under the Securities Act unless the holder is an "underwriter" with respect to such securities, as that term is defined in section 1145(b) of the Bankruptcy Code. In addition, such section 1145 exempt securities generally may be resold without registration under state securities laws pursuant to various exemptions provided by the respective laws of the several states. The

availability of the exemption under section 1145 of the Bankruptcy Code or any other applicable securities laws shall not be a condition to the occurrence of the Effective Date.

13. Cancellation of Existing Securities and Agreements. Except for the purpose of evidencing a right to a distribution under the Plan or as otherwise set forth in the Plan, on the Effective Date, all agreements, instruments, and other documents evidencing any Claim or Interest and any rights of any holder in respect thereof shall be deemed cancelled, discharged, and of no force or effect.

14. Subordination. Except as otherwise expressly provided in the Plan, this Order, or a separate order of this Court, the classification and manner of satisfying all Claims and Interests under the Plan take into consideration all subordination rights, whether arising by contract or under general principles of equitable subordination, section 510 of the Bankruptcy Code, or otherwise. Except as otherwise expressly provided in the Plan, all subordination rights that a holder of a Claim or Interest may have with respect to any distribution to be made under the Plan shall be discharged and terminated and all actions related to the enforcement of such subordination rights shall be enjoined permanently. Accordingly, except as otherwise expressly provided in the Plan, the distributions under the Plan to the holders of Allowed Claims and Interests will not be subject to payment of a beneficiary of such subordination rights, or to levy, garnishment, attachment, or other legal process by a beneficiary of such terminated subordination rights.

15. Cancellation of Certain Existing Security Interests. Upon the full payment or other satisfaction of an Allowed Other Secured Claim, or promptly thereafter, the holder of such Allowed Other Secured Claim shall deliver to the Debtors or Reorganized Debtors, as applicable, any Collateral or other property of a Debtor held by such holder, together with any

termination statements, instruments of satisfaction, or releases of security interests with respect to its Allowed Other Secured Claim that may be reasonably required to terminate any related financing statements, mortgages, mechanics' or other statutory liens, or lis pendens, or similar instruments or documents.

16. Compromise of Controversies. In consideration of the distributions and other benefits, including the injunctions, releases, and exculpation, provided under the Plan, the provisions of the Plan constitute a good faith compromise and settlement of all Claims, Interests, and controversies resolved under the Plan, and the entry of this Order constitutes approval of such compromise and settlement under Bankruptcy Rule 9019, subject to Section 10.11 of the Plan.

17. Restructuring Transactions. On the Effective Date or as soon thereafter as is reasonably practicable, the Debtors or Reorganized Debtors and the holders of Allowed Brookfield Claims, Allowed Existing Brookfield Interests, and Allowed Existing Lehman Interests may take all actions as may be necessary or appropriate to effect any transaction described in, approved by, contemplated by, or necessary or appropriate to effectuate this Plan, including: (i) the execution and delivery of appropriate agreements or other documents of merger, consolidation, restructuring, conversion, disposition, transfer, dissolution, or liquidation containing terms that are consistent with the terms of this Plan and the Plan Documents and that satisfy the requirements of applicable law and any other terms to which the applicable entities may agree; (ii) the execution and delivery of appropriate instruments of transfer, assignment, assumption, or delegation of any asset, property, right, liability, debt, or obligation on terms consistent with the terms of this Plan and having other terms to which the applicable parties agree; (iii) the filing of appropriate certificates of incorporation and memoranda and articles of

association and amendments thereto, reincorporation, merger, consolidation, conversion, or dissolution pursuant to applicable law; (iv) entering into the Restructuring Transactions; and (v) all other actions that the applicable entities determine to be necessary or appropriate, including making filings or recordings that may be required by applicable law.

18. Assumption of Contracts and Leases. Pursuant to Section 8.1 of the Plan and subject to the terms set forth in the Plan Supplement, solely upon the occurrence of the Effective Date, all executory contracts and unexpired leases identified on Exhibit F to the Plan Supplement shall be deemed assumed. The Reorganized Debtors shall pay any Cure Amounts owed, if any, under each such executory contract or unexpired lease as provided in the Plan. Each executory contract and unexpired lease assumed pursuant to the Plan shall vest in and be fully enforceable by the applicable Reorganized Debtor in accordance with its terms, except as modified by the provisions of the Plan, any subsequent order of the Court, or applicable law. This Order shall constitute an order of the Court under sections 365 and 1123(b) of the Bankruptcy Code approving the contract and lease assumptions described above, as of the Effective Date.

19. Conditions Precedent to Effective Date. The Plan shall not become effective unless and until the conditions set forth in Section 9.1 of the Plan have been satisfied or waived pursuant to Section 9.2 of the Plan.

20. Professional Compensation. All Professional Persons seeking awards by the Court of compensation for services rendered or reimbursement of expenses incurred through and including the Effective Date under sections 327, 328, 330, 331, 503(b)(2), 503(b)(3), 503(b)(4), 503(b)(5), or 1103 of the Bankruptcy Code shall (a) file, on or before the date that is 90 days after the Effective Date, their respective applications for final allowances of

compensation for services rendered and reimbursement of expenses incurred (a "**Final Fee Application**") and (b) be paid in full, in Cash, in such amounts as are Allowed by the Court in accordance with the order(s) relating to or allowing any such Professional Fee Claim. Notice of a hearing (the "**Final Fee Hearing**") on the Final Fee Applications shall be provided in accordance with the Bankruptcy Rules and the Local Rules. The Reorganized Debtors are authorized to pay compensation for professional services rendered and reimbursement of expenses incurred after the Effective Date in the ordinary course and without the need for Court approval.

21. Objections to Final Fee Applications. All objections to any Final Fee Applications shall be served and filed (a) no later than 30 days after the filing of the Final Fee Applications or (b) such later date as ordered by the Court.

22. Administrative Expenses. All expenses incurred by the Debtors or the Reorganized Debtors after the Effective Date, including on account of professional fees, shall not be subject to application and may be paid by the Debtors or the Reorganized Debtors, as the case may be, in the ordinary course of business and without further Court approval.

23. Discharge. As of the Effective Date, the confirmation of the Plan shall (i) pursuant to Section 10.3 of the Plan and except as otherwise provided in the Plan, discharge and release all Claims and Interests of any nature whatsoever, known or unknown, including any interest accrued or expenses incurred thereon from and after the Petition Date, or against the Debtors' Estates or properties or interests in property, and except as provided in the Plan, all persons or entities shall be precluded from asserting against the Debtors or the Reorganized Debtors or their respective properties or interests in property, any other Claims based upon any act or omission, transaction or other activity of any kind or nature that occurred prior to the

Effective Date and (ii) pursuant to Section 5.4 of the Plan (subject to the exceptions provided therein), cancel all agreements, instruments, and other documents evidencing any Claim or Interest and any rights of any holder in respect thereof, except for the purpose of evidencing a right to a distribution under the Plan and except as otherwise set forth in the Plan.

24. Injunction, Release, and Exculpation Provisions. As of the Effective Date, except for the rights that remain in effect from and after the Effective Date to enforce the Plan and this Order, all injunctions, releases, and exculpation provisions set forth in the Plan, including, without limitation, those contained in Sections 10.5–10.10 of the Plan, are hereby approved and shall be effective and binding on all Persons and entities to the extent provided therein.

25. Indemnification Obligations. Pursuant to Sections 8.4 and 8.5 of the Plan and this Order, subject to the occurrence of the Effective Date, any obligations of the Debtors pursuant to their corporate charters, by-laws, or other organizational documents to indemnify current and former officers, directors, agents, or employees with respect to all present and future actions, suits, and proceedings against the Debtors or such officers, directors, agents, or employees based upon any act or omission for or on behalf of the Debtors shall not be discharged, impaired, or otherwise affected by the Plan for those applicable Persons who served in such capacity at any time after or within the 12 months prior to the Petition Date; *provided*, that the Reorganized Debtors shall not indemnify directors of the Debtors for any claims or Causes of Action arising out of or relating to any act or omission that is a criminal act or constitutes fraud in the event such director is determined in a Final Order to have willfully and knowingly committed fraud with the specific intent to deceive and mislead. All such obligations shall be deemed and treated as executory contracts to be assumed by the Debtors under the Plan

and shall continue as obligations of the Reorganized Debtors. Any claim based on the Debtors' obligations herein shall not be a Disputed Claim or subject to any objection, in either case, by reason of section 502(e)(1)(B) of the Bankruptcy Code. Accordingly, such indemnification obligations will survive and be unaffected by entry of this Order, irrespective of whether such indemnification is owed for an act or event occurring before or after the Petition Date; *provided* that none of the Reorganized Debtors shall amend or restate any organizational documents before or after the Effective Date to terminate or adversely affect any such indemnification obligations.

26. Payment of Statutory Fees. All fees payable pursuant to 28 U.S.C. § 1930, shall be paid as and when due or otherwise pursuant to an agreement between the Reorganized Debtors and the U.S. Trustee, until such time as a Chapter 11 Case for a Debtor shall be closed.

27. Withholding and Reporting Requirements.

(a) In connection with this Plan and all instruments issued in connection therewith and distributed thereon, the Reorganized Debtors shall comply with all applicable withholding and reporting requirements imposed by any federal, state or local taxing authority, and all distributions under this Plan shall be subject to any such withholding or reporting requirements. In the case of a non-Cash distribution that is subject to withholding, the distributing party may withhold an appropriate portion of such distributed property and sell such withheld property to generate Cash necessary to pay over the withholding tax. Any amounts withheld pursuant to the preceding sentence shall be deemed to have been distributed to and received by the applicable recipient for all purposes of this Plan.

(b) Notwithstanding the above, each holder of an Allowed Claim that is to receive a distribution under this Plan shall have the sole and exclusive responsibility for the satisfaction and payment of any tax obligations imposed on such holder by any governmental unit, including income, withholding, and other tax obligations, on account of such distribution. The Disbursing Agent shall have the right, but not the obligation, to not make a distribution until such holder has made arrangements satisfactory to any issuing or disbursing party for payment of any such tax obligations.

(c) The Disbursing Agent may require, as a condition to making a distribution, that the holder of an Allowed Claim complete and return a Form W-8 receipt or W-9, as applicable to each such holder. If the Disbursing Agent makes such a request and the holder fails to comply before the date that is one-hundred eighty (180) days after such request is made, the amount of such distribution shall irrevocably revert to the Plan Administrator and any Claim in respect of such distribution shall be discharged and forever barred from assertion against such Reorganized Debtor or its respective property.

28. Exemption from Transfer Taxes. Pursuant to section 1146(a) of the Bankruptcy Code, the issuance, transfer, or exchange of any security under the Plan, the Reorganized Debtors entering into the Exit Credit Facility Loan Documents, including any transfers and distributions effectuated under the Plan, and any assumption, assignment, or sale by the Debtors of their interests in unexpired leases of nonresidential real property or executory contracts pursuant to section 365(a) of the Bankruptcy Code, shall constitute a "transfer under a plan" within the purview of section 1146 of the Bankruptcy Code and shall not be subject to any stamp, real estate transfer, mortgage recording, or other similar tax.

29. Documents, Mortgages, and Instruments. Each federal, state, commonwealth, local, foreign, or other governmental agency is hereby authorized to accept any and all documents and instruments necessary or appropriate to effectuate, implement, or consummate the transactions, including the Restructuring Transactions, contemplated in the Plan and this Order.

30. Reversal, Stay, Modification, or Vacatur of This Order. Except as otherwise provided in this Order, if any or all of the provisions of this Order are hereafter reversed, modified, vacated, or stayed by subsequent order of this Court, or any other court, such reversal, stay, modification, or vacatur shall not affect the validity or enforceability of any act, obligation, indebtedness, liability, priority, or lien incurred or undertaken by the Debtors, the Reorganized Debtors, or any other party authorized or required to take action to implement the Plan, as applicable, prior to the effective date of such reversal, stay, modification, or vacatur. Notwithstanding any such reversal, stay, modification, or vacatur of this Order, any such act or obligation incurred or undertaken pursuant to, or in reliance on, this Order prior to the effective date of such reversal, stay, modification, or vacatur shall be governed in all respects by the provisions of this Order and the Plan, including any amendments or modifications to the foregoing.

31. Retention of Jurisdiction. Notwithstanding the entry of this Order or the occurrence of the Effective Date, pursuant to sections 105 and 1142 of the Bankruptcy Code, this Court, except as otherwise provided in the Plan or this Order, shall retain exclusive jurisdiction over all matters arising out of, and related to, the Chapter 11 Cases to the fullest extent as is legally permissible, including, but not limited to, jurisdiction over the matters set forth in Article XI of the Plan.

32. Modifications. Subject to Section 12.3 of the Plan, the Plan may be amended, modified, or supplemented by the Debtors, with the consent of the Brookfield Parties, in the manner provided for by section 1127 of the Bankruptcy Code or as otherwise permitted by law, without additional disclosure pursuant to section 1125 of the Bankruptcy Code, except as otherwise ordered by the Court. In addition, after the entry of this Order, subject to Section 12.3 of the Plan, so long as such action does not materially and adversely affect the treatment of holders of Allowed Claims or Allowed Interests pursuant to Plan, the Debtors, with the consent of the Brookfield Parties, may make appropriate technical adjustments and modifications to the Plan and remedy any defect or omission or reconcile any inconsistencies in the Plan or this Order with respect to such matters as may be necessary to carry out the purposes of effects of the Plan, and any holder of a Claim or Interest that has accepted the Plan shall be deemed to have accepted the Plan as so amended, modified, or supplemented.

33. Governing Law. Except to the extent that the Bankruptcy Code or other federal law is applicable, or to the extent that any Plan Document provides otherwise (in which case the governing law specified in such Plan Document shall govern), the rights, duties, and obligations arising under the Plan shall be governed by, and construed and enforced in accordance with, the laws of the State of New York without giving effect to principles of conflicts of laws.

34. Applicable Nonbankruptcy Law. Pursuant to section 1123(a) and 1142(a) of the Bankruptcy Code, the provisions of this Order, the Plan, the Plan Documents, and any other related documents or any amendments or modifications thereto shall apply and be enforceable notwithstanding any otherwise applicable nonbankruptcy law.

35. Waiver of Filings. Any requirement under section 521 of the Bankruptcy Code or Bankruptcy Rule 1007 obligating the Debtors to file any list, schedule, or statement with the Court or the Office of the U.S. Trustee (except for monthly operating reports or any other post-confirmation reporting obligation to the U.S. Trustee), is hereby waived as to any such list, schedule, or statement not filed as of the entry of this Order.

36. Governmental Approvals Not Required. This Order shall constitute all approvals and consents required, if any, by the laws, rules, or regulations of any state or other governmental authority with respect to the implementation or consummation of the Plan, any documents, instruments, or agreements, and any amendments or modifications thereto, and any other acts referred to in or contemplated by the Plan.

37. Notice of Order. In accordance with Bankruptcy Rules 2002 and 3020(c), as soon as reasonably practicable after the Effective Date, the Debtors shall serve notice of the entry of this Order, substantially in the form attached to this Order as Exhibit C, to all parties who hold a Claim or Interest in the Chapter 11 Cases and the U.S. Trustee. The Debtors are authorized but not directed, pursuant to Bankruptcy Rule 2002(l), to give supplemental publication notice of entry of this Order and occurrence of the Effective Date in the national edition of the *Wall Street Journal*, the international edition of the *Financial Times*, and any other publications the Debtors deem necessary in their discretion, which publication notice shall constitute good and sufficient notice of entry of this Order and occurrence of the Effective Date to persons who do not receive the notice by mail.

38. **Administrative Claims Bar Date. Except as otherwise provided in Section 2.1 of the Plan and except with respect to Fee Claims, requests for payment of Allowed Administrative Expense Claims must be filed and served on the Reorganized**

**Debtors no later than the first Business Day that is 30 days following the Effective Date** (the "**Administrative Expense Claims Bar Date**"). **Holders of Administrative Expense Claims that are required to, but do not, file and serve a request for payment of such Administrative Expense Claims by such date shall be forever barred, estopped, and enjoined from asserting such Administrative Expense Claims against the Debtors or their property and such Administrative Expense Claims shall be deemed discharged as of the Effective Date. Objections to such requests, if any, must be filed and served by the later of (a) sixty (60) days after the Effective Date and (b) thirty (30) days after the filing of a request for payment of Administrative Expense Claims that the Bankruptcy Court has previously authorized to be filed after the Administrative Claims Bar Date, if applicable, in each case, unless otherwise extended by the Bankruptcy Court, at the request of the Reorganized Debtors with the consent of the Brookfield Parties (which consent shall not be unreasonably withheld).**

39. Substantial Consummation. On the Effective Date, the Plan shall be deemed to be substantially consummated under sections 1101 and 1127 of the Bankruptcy Code.

40. Waiver of Stay. The stay of this Order provided by any Bankruptcy Rule (including Bankruptcy Rule 3020(e)), whether for 14 days or otherwise, is hereby waived, and this Order shall be effective and enforceable immediately upon its entry by the Court.

41. Inconsistency. To the extent of any inconsistency between this Order and the Plan, this Order shall govern.

42. No Waiver. The failure to specifically include any particular provision of the Plan in this Order does not diminish the effectiveness of such provision nor constitute a

waiver thereof, it being this Court's intent that the Plan is confirmed in its entirety and expressly incorporated herein by this reference.

Dated: March 9, 2018
New York, New York

/S/ Shelley C. Chapman
HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE